■ CHARLES F. DENNIS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66144.) DONNA DENNIS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66145.) — Order unanimously affirmed, with costs. Memorandum: On October 16, 1981, a "Charles Dennis" was indicted by the Onondaga County Grand Jury and charged with the crimes of rape in the first degree and endangering the welfare of a child. On the same date a warrant was issued for Dennis' arrest. An information sheet attached to the arrest warrant contained a detailed and accurate description of Charles Dennis, the claimant, and his date of birth, Social Security number, address and place of employment. Unfortunately, the Charles Dennis described on the information sheet was not the Charles Dennis who was indicted and whose arrest was authorized by the warrant. On October 20, 1981, Investigator Klein of the Onondaga County Sheriff's Department called Investigator Rifenburg, assigned to the New York State Police Violent Felony Squad, for assistance in executing the outstanding warrant. Klein provided Rifenburg with the description contained on the information sheet. Relying upon that description, Investigator Rifenburg and another State Police officer arrested the claimant, Charles F. Dennis. Upon being told of the charges against him, claimant repeatedly told the officers that they had the wrong person; that he had done nothing wrong; and that he had not been near the scene of the crime in a number of years. The officers responded that they would clear the matter up at the Sheriff's Department. Despite claimant's protestations, no further investigation was conducted and claimant spent the next two days in jail. On October 22, 1981, when claimant was brought before the court for arraignment, it was confirmed that the police had arrested the wrong "Charles Dennis." Claimant was immediately released from custody. Claimant then filed this claim against the State of New York to recover damages for his false arrest. The State moved for summary judgment dismissing the claim on the ground that the arrest was privileged, because claimant matched the description of the accused that had been given to the State Police. The Court of Claims denied the State's motion to dismiss and we affirm. Although claimant matched the description that had been provided to the State Police, that was not the description of the Charles Dennis who was the subject of the warrant. The arresting officers, therefore, arrested a person other than the person they were authorized to arrest (see *Williams v City of Buffalo*, 72 AD2d 952; *Maracle v State of New York*, 50 Misc 2d 348, 351). Since there were two or more persons with the same name as that on the warrant, the State Police were privileged to arrest the person whom they reasonably believed to be the person intended, provided that they used due diligence to identify the person to whom the warrant applied (*Williams v City of Buffalo, supra; Boose v City of Rochester*, 71 AD2d 59; *Maracle v State of New York, supra*). Here, whether due diligence was exercised by the State

officers presents a triable issue of fact (see *Williams v City of Buffalo, supra*). In spite of the fact that claimant matched the description given to the arresting officers, a trial court could find that the officers did not act diligently when they failed, after claimant's repeated protestations, to inquire into the possibility of a mistaken identification. In affirming, we do not agree with the rationale of the Court of Claims. The court held that since the arresting officers relied upon information furnished by the Sheriff's office, any lack of diligence by that office in determining the identity of the person to be arrested should be imputed to the arresting officers. Such a rule would undermine the privilege accorded an arresting officer who acts upon a warrant valid on its face. The officer is entitled to rely upon the warrant and where he arrests the wrong person, he should be liable for his own lack of diligence, not that of others. The State's argument that the claim of Donna Dennis should be dismissed because it does not allege a loss of consortium was not raised before the Court of Claims and it has not, therefore, been preserved for appellate review. (Appeal from order of Court of Claims, Lowery, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ. [113 Misc 2d 540.]